CAUSE NO. _____

| | | |
|---|---|---|
| FOSTER TRUCKING, LLC | § | IN THE UNITED STATES |
| | § | |
| VS. | § | DISTRICT COURT FOR THE |
| | § | |
| TEXAS COMMERCIAL | § | |
| BUSINESS INSURANCE AGENCY, LLC | § | |
| and | § | |
| GEORGE WHITE D/B/A | § | |
| TEXAS COMMERCIAL BUSINESS | § | |
| INSURANCE | § | |
| | § | SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, FOSTER TRUCKING, LLC, Plaintiff and files its Original Complaint against Defendants, TEXAS COMMERCIAL BUSINESS INSURANCE AGENCY, LLC ("TEXAS COMMERCIAL") and GEORGE WHITE D/B/A TEXAS COMMERCIAL BUSINESS INSURANCE ("WHITE") and for cause of action would respectfully show the Court the following:

### I.     NATURE OF CASE

Plaintiff seeks damages for the negligence of its insurance agent.

### II.     PARTIES

1. Plaintiff is a company formed in Louisiana with its primary office in Louisiana .

2. Defendant, TEXAS COMMERCIAL BUSINESS INSURANCE AGENCY, LLC, may be cited with process by serving it at its business address in Texas: TEXAS COMMERCIAL BUSINESS INSURANCE AGENCY, LLC

    P O BOX 1249

FOSTER TRUCKING LLC ORIGINAL COMPLAINT

HUFFMAN, TX 77336.

3. GEORGE WHITE is doing business as TEXAS COMMERCIAL BUSINESS INSURANCE and may be cited with process by serving him at his business address in the Southern District of Texas: TEXAS COMMERCIAL BUSINESS INSURANCE AGENCY, LLC, 8303 Southwest Freeway, Suite 225, Houston, TX   77074.

4. TEXAS COMMERCIAL BUSINESS INSURANCE AGENCY, LLC is a domestic insurance agency, doing business in the State of Texas.  The insurance business done by TEXAS COMMERCIAL includes, but is not limited to, the following:

(a) The making and issuing of contracts of insurance with the Plaintiff and other consumers;

(b) The taking or receiving of applications for insurance, including the Plaintiff's application for insurance;

(c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for insurance, including payments received from the Plaintiff; and

(d) The issuance or delivery of contracts of insurance to companies, including the Plaintiff.

5. GEORGE WHITE is the owner, in whole or in part of TEXAS COMMERCIAL BUSINESS INSURANCE AGENCY, LLC.

### III. VENUE AND JURISDICTION

1. TEXAS COMMERCIAL is Plaintiff's insurance agency.   The actions alleged against TEXAS COMMERCIAL and WHITE in this complaint were committed

FOSTER TRUCKING LLC ORIGINAL COMPLAINT

by TEXAS COMMERCIAL and/or its agents in the Southern District of Texas in the Houston Division, and the cause of action accrued here.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the Plaintiff and Defendants are completely diverse and the amount in controversy exceeds $75,000.00.

### IV.   FACTS

1. Defendants TEXAS COMMERCIAL and WHITE are in the business of soliciting and procuring business insurance policies on behalf of their clients and customers.

2. Defendants wrote two policies providing coverage for Plaintiff on or about 6/13/16.

3. In pertinent part, Certain Underwriters Lloyds policy CLU 4968411 provided coverage of $87,000 on a covered vehicle.

4. The Plaintiff requested alteration of its fleet schedule by removal of a different covered vehicle and in order to do so was requested to provide a bill of sale, which it did on or about 8/16/2016.

5. The Plaintiff was involved in an accident on or about 9/11/2016 in a purportedly covered Kenworth and was in fact a total loss.  There are potential claims against Plaintiff for others involved in the 9/11/2016 loss.

6. On information and belief, the Defendants filed claims with LLOYDS and the liability carrier.

7. On information and belief, the claims were denied because the Defendants had not properly administered the premium credit from 4. above.

FOSTER TRUCKING LLC ORIGINAL COMPLAINT

8. The Plaintiff has made demand on Defendants through counsel.

9. After the loss, the Defendants admitted for the first time that they had not properly administered the credit and there was a problem with the coverage caused by the Defendants.

10. Plaintiff has through counsel, requested information concerning the claims filed on Plaintiff's behalf by Defendants.  To date, despite the relationship of agent to principal, Defendants have refused to provide the claims numbers or status.

## V. CAUSES OF ACTION

1. Defendants were negligent.   The Defendants failed to act as a reasonable and prudent limited liability company and agent would under the same or similar circumstances.   Defendants breached this obligation, and were negligent among other acts and omissions:

    a. Choosing not to bind continuous coverage on Plaintiff's Kenworth;

    b. Failing to implement proper controls and oversight so that Plaintiff's requested coverage was continued in force;

    c. Failing to timely notify Plaintiff that its coverage was not in force as requested and paid for;

    d. Failing to timely notify Plaintiff that it had no insurance; and

    e. Failing to provide the claim numbers to the Plaintiff.


2. The Defendants have violated the Texas Insurance Code.   The Plaintiff placed Defendants on notice pursuant to    Tex. Ins. Cd. Chapter 541 and made

demand for damages. Defendants did not respond. In fact, TEXAS COMMERCIAL and WHITE have failed to inform Plaintiff of their insurance status in keeping with their statutory responsibility under Tex. Ins. Cd., Chapter 541.

   a. The conduct of TEXAS COMMERCIAL was irresponsible, unconscionable, and TEXAS COMMERCIAL took advantage of the Plaintiff's lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of the Defendants amounts to one or more of the following:

1. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Tex. Ins. Cd., Chapter 541;

2. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection which he does not. By way of example only, Defendants represented to Plaintiff that Defendants were binding continuous coverage on 2 policies, when, in fact, they were not;

3. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

4. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

5. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

6. Violations of Tex. Ins. Cd., Chapter 541, including, but not limited to, misrepresentations of the status of the policies; and/or

   7. Other violations of law.

3. Plaintiff claims the oral contract of insurance agency has been breached.

4. Plaintiff claims breach of fiduciary duty due to the nondisclosure when a duty to disclose

FOSTER TRUCKING LLC ORIGINAL COMPLAINT

existed.

## VI. DAMAGES

1. As a result of all of such conduct above, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including losses sustained without indemnity as promised and represented.  Defendants should have known for a long time that Plaintiff relied on their representations that Plaintiff's insurance was in full force and effect.  In addition, the conduct of the Defendants was committed knowingly, and under circumstances constituting willful, wanton and reckless disregard of the rights of the Plaintiff.  Such conduct of the Defendants was negligent and tortuous.  The conduct of Defendants constituted misrepresentation of fact.   Plaintiff seeks actual damages from the Defendants, including the loss of authority to operate in interstate commerce due to lapse of insurance caused by Plaintiff, associated lost profits and consequential dmages.

2. TEXAS COMMERCIAL  has, by its conduct, breached its contract with the Plaintiff. Such breach proximately caused damage to the Plaintiff, including consequential damages.  Plaintiff's has lost profits, and has lost its credit rating as well as its current authority to do business in interstate commerce.

3. In addition, Plaintiff is entitled to recover attorney's fees in connection with the Insurance Code, contractual, and DTPA (incorporated by reference in the Insurance Code) causes of action against both Defendants.

4. Additional damages for knowing violations of the Tex. Ins. Cd., Chapter 541.

## VII. PRAYER

FOSTER TRUCKING LLC ORIGINAL COMPLAINT

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request this Honorable Court grant the following relief:

That upon final hearing and trial hereof, this Honorable Court grant to the Plaintiff such relief as to which it may show itself justly entitled, either at law or in equity, either general or special, judgment against the Defendants for actual damages, additional damages under Texas Statute under the Court's pendent jurisdiction, attorney's fees, cost of suit, penalties, prejudgment and post-judgment interest, including judgment for additional damages under the facts set forth in this or any amended complaint.

Respectfully submitted,

CALDWELL FLETCHER P.C.

*S/ Caldwell Fletcher*
_____
Caldwell Fletcher
State Bar No. 07141710
Fed. ID No. 9654
3401 Allen Parkway #100
Houston, Texas 77019
Phone: (713) 284-1684
Fax: 1 (713) 583-9883
CALDWELL@CALDWELLFLETCHERPC.COM

ATTORNEY FOR PLAINTIFF,
FOSTER TRUCKING, LLC

**PLAINTIFF DEMANDS A TRIAL BY JURY**